Lafcadio Darling
HOLMES WEDDLE & BARCOTT, P.C.
999 Third Avenue, Suite 2600
Seattle, Washington 98104
Telephone: (206) 292-8008
Facsimile: (206) 340-0289
Email: ldarling@hwb-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES R. BURTON and HEATHER R. BURTON, husband and wife,<br><br>Plaintiffs,<br>v.<br><br>JERRY BLACKLER and VICKI BLACKLER, husband and wife, husband and wife, and ALPINE DIESEL, LLC, an Alaska limited liability corporation,<br>Defendants. | IN ADMIRALTY<br><br>Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT
REGARDING LIEN CLAIM VALIDITY AND FOR DAMAGES**

COMES NOW plaintiff JAMES R. BURTON and HEATHER R. BURTON (collectively "Burton") by and through counsel, Holmes Weddle & Barcott, PC and complains against defendants JERRY BLACKLER and VICKI BLACKLER and ALPINE DIESEL, LLC (collectively "Alpine") as follows:

**I.     JURISDICTION AND VENUE**

1.     Jurisdiction is based upon 28 U.S.C. §1333, admiralty, and 28 U.S.C. §1331, federal question, specifically 46 U.S.C. §31343. This is an admiralty or maritime

**COMPLAINT - 1**
*Burton v Blackler & Alpine Diesel, LLC*
Case No.

claim within the meaning of Fed. R. Civ. P. 9(h).

2. To the extent required the Court may exercise supplemental jurisdiction based upon 28 U.S.C. §1367 because all of the claims form part of the same case or controversy.

3. At all times material herein, F/V CRICKET, O.N. 962643, its engines, machinery, appurtenances, etc., was a vessel duly documented under the laws of the United States and was owned by Plaintiffs. The acts and omissions which form the basis for this Complaint all occurred in this District.

4. At all times material herein, Plaintiffs resided in the State of Alaska.

5. At all times material herein, upon information and belief, Defendants resided in the State of Alaska.

## II. FACTUAL BACKGROUND

6. On or about June 30, 2016, the vessel CRICKET suffered a serious casualty, requiring engine replacement and additional repairs. Shortly thereafter Alpine was engaged by Burton to assist in performing repairs to the CRICKET and estimate total repair costs.

7. During the initial inspection and repair phase, the parties agreed to a scope of work and Alpine prepared an estimate for "complete" repairs to the vessel. This estimate stated that Alpine's charges for completed repairs to the CRICKET (excluding parts, vendors and subcontractors) would be approximately $240,000. The vessel's condition and accompanying Alpine estimate were reviewed by an independent surveyor

assigned by hull underwriters and the estimated charges were deemed fair and reasonable for the agreed scope of work. Based on this estimate, Alpine's other representations, and the surveyor's opinions, Burton agreed that Defendants should proceed with repairs.

8. Both before and after the initial estimate was given, Burton informed Alpine, both verbally and in writing, that Burton was very sensitive to costs and would not be able to tolerate significant changes or cost increases. To accommodate this, the parties agreed that (a) Alpine would provide regular updates regarding progress of work and estimated costs to be incurred to both Burton and the surveyor and (b) Alpine would obtain Burton's prior authorization for any substantial changes or cost-overruns to the project. Despite this agreement, Alpine failed to provide any such updates and did not seek Burton's approval for changes, cost increases, or variations from the estimated repair costs. Burton repeatedly emphasized the need for updates and warnings of cost increases, but Alpine failed to provide these updates or notices. Alpine also failed to provide regular invoicing or other description of changes as they were being incurred to either Burton or the surveyor. At no point did Alpine obtain the surveyor's approval that any changes or additional charges were fair or reasonable.

9. Despite the agreement to provide updates and obtain pre-approval for any cost increases, Alpine submitted a series of invoices ranging in the amount from $581,923.50 to $534,106.75 to $521,945.75. Aside from the inherent problem of the changing invoices, all of them exceeded the original estimate by approximately $300,000. Burton did not approve these cost increases and did not authorize work on this

**COMPLAINT - 3**
*Burton v Blackler & Alpine Diesel, LLC*
Case No.

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

basis.  The final invoices further reflect charges that are incorrect, inaccurate, and in some cases are for work performed on other vessels.  Thus, the final invoices do not reflect either the parties' agreement as to repair costs, nor what actual work was done by Alpine on the CRICKET.  Further, the assigned independent surveyor determined that the invoiced charges received were inflated and in gross excess of a fair and reasonable amount.

10. The vessel repair work was also significantly delayed.  Alpine initially estimated that installation and repair would be completed by March 2017.  When project conditions changed, the parties agreed to new completion dates, at which time Alpine "guaranteed" that all repairs would be completed and the vessel would be in operating condition before June 15, 2017.  Burton informed Alpine that the project was time sensitive and that repairs must be completed within the estimated times or the CRICKET would lose fishing time.  Alpine clearly represented that repairs would be completed on time and would not interfere with fishing.

11. Alpine failed to meet any of the agreed completion deadlines and failed to act diligently and timely in effecting the installation and repair work.  As a result, repair completion was significantly delayed.

12. As a direct and proximate result of the delays in the project caused by Alpine, Plaintiff was unable to operate the CRICKET in planned fisheries and lost income from the vessel as a result.  Based on catch data and historical performance, Plaintiffs' lost profits as a result of the delays to completion and breached promises

**COMPLAINT - 4**
*Burton v Blackler & Alpine Diesel, LLC*
Case No.

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA  98104-4011
TELEPHONE (206) 292-8008
FAX  (206) 340-0289

exceed $100,000.

13. On or about October 31, 2017, Alpine filed a Notice of Claim of Lien with the United States Coast Guard, claiming a maritime lien for "vessel modification and repair" in the amount of $488,407.31.

### III. FIRST CAUSE OF ACTION – VESSEL NOT SUBJECT TO LIEN

14. A party may claim a maritime lien against a vessel only insofar as he has provided services and supplies that benefit the vessel and to the extent they were authorized by the owner. The unreported, unauthorized, and increased parts and service charges that form the basis for Alpine's lien claim were not authorized by Burton and therefore do not constitute a maritime lien against the Vessel.

15. Therefore, pursuant to 46 U.S.C. §31343(c)(2), Burton requests that the Court declare that the Vessel is not subject to the lien filed against it by Defendants under 46 U.S.C. §31343(b) in the amount of $488,407.31.

### IV. SECOND CAUSE OF ACTION – BREACH OF CONTRACT

16. The parties entered into a contract for repairs to the CRICKET. This is a maritime contract. Under the parties' agreement, Alpine was required to perform the contracted-for repair work and supply the agreed materials based on the original estimate, or as further authorized by Burton. Alpine performed unauthorized and unnecessary work on the CRICKET and claims charges that were never approved as agreed, and these unapproved changes form the basis for Alpine's lien claim.

17. The parties further agreed on completion dates for vessel repair dates

**COMPLAINT - 5**
*Burton v Blackler & Alpine Diesel, LLC*
Case No.

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

which were amended by agreement. In addition, Alpine made specific and clear promises to Burton regarding completion dates and when the vessel would return to service. Alpine failed to complete work as agreed or as promised, causing a delay of over one month in the CRICKET's 2017 fishing operations, causing Plaintiffs to lose profits in excess of $100,000.

## V. RELIEF REQUESTED

**WHEREFORE,** Plaintiffs pray for judgment as follows:

1. For a declaration that the F/V CRICKET, O.N. 962643, is not subject to the Notice of Claim Lien filed by Alpine on October 31, 2017 in the amount of $488,407.31;

2. For an award of attorney's fees and costs to Plaintiffs pursuant to 46 U.S.C. § 31343(c)(2).

3. For a judgment in favor of Plaintiff and against Defendants for damages for any and all consequences of Alpine's unauthorized repairs and delayed completion, including but not limited to loss of use and lost profits.

4. For an award of attorney's fees, as provided by statute or under Alaska Civil Rule 82.

5. For an award of such other and further relief as in law and equity Plaintiffs may be entitled to receive.

/ / / /

/ / / /

**COMPLAINT - 6**
*Burton v Blackler & Alpine Diesel, LLC*
Case No.

1. DATED this 14th day of December, 2017

HOLMES WEDDLE & BARCOTT, PC

  s/ Lafcadio Darling
Lafcadio Darling, ABA#1510084
999 Third Avenue, Suite 2600
Seattle, Washington 98104
Telephone: (206) 292-8008
Facsimile: (206) 340-0289
Email: ldarling@hwb-law.com
Attorney for Plaintiffs

**COMPLAINT - 7**
*Burton v Blackler & Alpine Diesel, LLC*
Case No.